Filed 4/30/09 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2009 ND 75

In the Matter of D.V.A.

Cynthia M. Feland, Plaintiff and Appellee

v.

D.V.A., Respondent and Appellant

No. 20080319

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Cynthia M. Feland, Assistant State’s Attorney, Courthouse, 514 East Thayer, Bismarck, N.D. 58501-4413, plaintiff and appellee; submitted on brief.

Kent M. Morrow, 411 North Fourth Street, P.O. Box 2155, Bismarck, N.D. 58502-2155, for respondent and appellant; submitted on brief.

Matter of D.V.A.

No. 20080319

Sandstrom, Justice.

[¶1] D.V.A. appeals a district court order for continued commitment as a sexually dangerous individual, arguing the court erred in failing to hold a hearing under N.D.C.C. § 25-03.3-18(2).  We affirm.

I

[¶2] In 2003, D.V.A. was committed as a sexually dangerous individual, and we affirmed the district court’s commitment order.  
Interest of D.V.A.
, 2004 ND 57, 676 N.W.2d 776.  In 2004, D.V.A. was informed that he had a right to petition for discharge under N.D.C.C. § 25-03.3-18(1), but he waived his right to request a discharge hearing.  An annual reevaluation was completed in 2004.  Similarly, an annual reevaluation was done in 2005, and D.V.A. waived his right to request a discharge hearing.  In 2006, D.V.A. was again notified of his right to petition for discharge, but after requesting a discharge hearing, he waived his right by filing a confirmation of waiver of review hearing.  An annual state hospital reevaluation report was filed in July 2007, and after D.V.A. requested an independent examination, which the district court granted, an independent evaluation report was filed on behalf of D.V.A.  The district court issued an order for continued commitment in August 2007.

[¶3] Again, an annual reevaluation of D.V.A. was completed in July 2008.  D.V.A. requested an independent evaluation, which was again granted.  Both the state hospital’s and the independent expert’s evaluations concluded D.V.A. continues to be a sexually dangerous individual.  The district court, finding by clear and convincing evidence that D.V.A. should be retained as a sexually dangerous individual in the care, custody, and support of the executive director under N.D.C.C. § 25-03.3-17, ordered his continued commitment in October 2008.

[¶4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 25-03.3-02.  The appeal was timely under N.D.C.C. § 25-03.3-19.  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 25-03.3-19.

II

[¶5] D.V.A. argues the district court abused its discretion by refusing to set the matter for a hearing under N.D.C.C. § 25-03.3-18(2).  He does not challenge the district court’s finding that he remains a sexually dangerous individual.

[¶6] North Dakota Century Code chapter 25-03.3 contains several safeguards for committed sexually dangerous individuals.  A postcommitment hearing can be ordered by the court or requested by the committed individual.  According to legislative history, the committing court has the discretion to set the matter for a hearing in connection with the mandatory annual review of the committed individual’s mental condition under N.D.C.C. § 25-03.3-17(4).  
Hearing on H.B. 1047 Before the House Judiciary Comm.
, 55th N.D. Legis. Sess. (Jan. 14, 1997) (section-by-section analysis prepared by the Office of Attorney General).  In contrast, a committed individual has the right to a discharge hearing if he or she has filed a petition for discharge and has not had a postcommitment hearing during the preceding twelve months.  N.D.C.C. § 25-03.3-18(2).

[¶7] D.V.A. argues he has a right to a discharge hearing under N.D.C.C. § 25-03.3-

18(2) because he filed for discharge on July 16, 2008, and has not had a postcommitment hearing in the preceding twelve months.  While the record contains D.V.A.’s 2005 and 2006 requests for a discharge hearing, it is void of any discharge hearing request made in 2008.  Dated July 16, 2008, is a response from the district court administrator to D.V.A. regarding his request for court-appointed counsel.  In that letter, D.V.A. was informed the district court could not proceed because it had not received either a notification from the state hospital that D.V.A. was entitled to an annual review hearing or the application to request or waive a discharge hearing.  Thus, although D.V.A. contends he filed a petition for discharge in July 2008, the record does not contain such a petition.

III

[¶8] D.V.A.’s belief that the district court’s reliance on N.D.C.C. § 25-03.3-17 was misplaced is incorrect, because his right to a hearing under N.D.C.C. § 25-03.3-18(2) was partially dependent on his petitioning the court for discharge, which he did not do in 2008.  Instead, the district court correctly relied on N.D.C.C. § 25-03.3-17 to safeguard D.V.A.’s rights.

[¶9] The record reflects that the state conducted the annual reexamination and filed its report with the district court in July 2008, recommending that D.V.A. be kept committed because he remains a sexually dangerous individual.  Thereafter, in October 2008, in accordance with N.D.C.C. § 25-03.3-17(2) and upon D.V.A.’s request, the district court appointed an independent expert to examine D.V.A. and report to the court.

[¶10] Although the district court had originally set the matter for an October 2008 hearing, N.D.C.C. § 25-03.3-17(4) permits the court to set the matter for a hearing on its own.  After reports of an examination by experts are provided to the district court, the court “may order further examination and investigation of the committed individual . . . [and] may set the matter for a hearing.”  N.D.C.C. § 25-03.3-17(4).

[¶11] A district court’s decision to hold a hearing under N.D.C.C. § 25-03.3-17(4) is a matter of discretion and is therefore subject to an abuse of discretion standard of review.  A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law.  
State v. Moos
, 2008 ND 228, ¶ 30, 758 N.W.2d 674.  In light of the record, the district court did not abuse its discretion by not holding a hearing in this matter—both the state and the independent evaluations found that D.V.A. continues to meet the requirements for continued designation as a sexually dangerous individual under N.D.C.C. chapter 25-03.3.

IV

[¶12] We therefore conclude that in the absence of a petition for discharge, D.V.A. did not have a right to a discharge hearing under N.D.C.C. § 25-03.3-18(2), and that the district court did not abuse its discretion by not holding a postcommitment hearing under N.D.C.C. § 25-03.3-17(4).  We therefore affirm the district court’s commitment order.

[¶13] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.